# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD T. JONES,                            :
      Petitioner                   :        Civil Action No. 07-585 (RMU)
                                   :        Judge Ricardo M. Urbina
      v.                           :
                                   :
JOHN CAULFIELD, et. al.,                    :
      Respondents                  :

## UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF MANDAMUS

The U.S. Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's pro se petition for a writ of mandamus. In support of his petition, the petitioner requests that the U.S. Parole Commission ("the Commission") be ordered to provide the petitioner with a probable cause and a final revocation hearing which had not been provided by the Commission in a timely manner. Because the petitioner is not entitled to a probable cause hearing and because the petitioner has now waived his right to a revocation hearing, the petitioner's petition for a writ of mandamus should be summarily denied.

## PROCEDURAL HISTORY

On October 26, 1981, Judge Robert M. Scott of the Superior Court of the District of Columbia sentenced the petitioner, Donald T. Jones, in three separate cases, to an aggregate sentence of six and a half to 18 and a half years' imprisonment for the offenses of failure to appear, uttering, false pretenses, and carrying a pistol without a license. See Exhibit A at pp. 1-3 (Judgment and Commitment Orders for M8721-81, F1450-81, and F3568-81). On November 3, 1981, the petitioner was sentenced to 11 months' incarceration for the offense of receiving stolen

property in M3194-80. Id. at p. 4 (Judgment and Commitment Order for M3194-80).  The D.C. Board of Parole (" the Board") denied the petitioner parole on August 17, 1987 and again on February 25, 1988. See Exhibits B (Order) and C (Order).

On September 1, 1988, the Board ordered that the petitioner be paroled on October 11, 1988 and that the petitioner remain under parole supervision until his full-term date of November 23, 2000. See Exhibit D (Certificate of Parole). The petitioner did not comply with his conditions of parole, and, on January 31, 1992, the Board  revoked the petitioner's parole for criminal and noncriminal violations. See Exhibit E (Notice of Board Order).

The Board  reparoled the petitioner on November 5, 1992, and he was to remain under parole supervision until December 1, 2000, his re-calculated full-term sentence date. See Exhibit F (Certificate of Parole). On July 11, 1994, the petitioner was sentenced by Judge Mildred Edwards in F712-93 to 3 to 9 years of incarceration, execution suspended, and to 3 years of probation for committing the offense of attempted possession with intent to distribute cocaine. See Exhibit G (Judgment and Commitment Order for F712-93). The court recommended that the petitioner be paroled to a drug treatment program. See Exhibit H (Memorandum). On November 15, 1994, the Board revoked the petitioner's parole for criminal and noncriminal violations, but immediately granted reparole. See Exhibit I (Notice of Board Order).

On December 23, 1994, the Board released the petitioner on parole to attend a drug treatment program and he was to remain under parole supervision until March 10, 2002. See Exhibit J (Certificate of Parole), and Exhibit K (letter dated 12/14/94).  On June 12, 1995, Judge Edwards amended the petitioner's sentence in F712-93 to 3 to 9 years' incarceration, execution suspended, and reduced the term of probation to 2 years of supervised probation. See Exhibit L

(Amended Judgment and Commitment Order in F712-93)

In June, 1997, the petitioner's parole officer discovered that the petitioner had not

reported to the treatment facility, had not informed the Board of his change of address, and had

not checked in with a parole officer since his release. See Exhibit M (Memorandum). On June

27, 1997, the Board issued a parole violator warrant for the petitioner, which was executed on

June 18, 1998. See Exhibit N (Warrant).  On September 4, 1998, the Board revoked the

petitioner's parole for noncriminal violations, with consideration for reparole by December 18,

1998. See Exhibit O (Notice of Board Order).

On January 17, 2000, the U.S. Parole Commission ("the Commission") reparoled the

petitioner, and he was to remain under parole supervision until January 7, 2009, his re-calculated

full-term sentence date. See Exhibit P (Certificate of Parole).[1]  The petitioner did not comply

with his conditions of parole and, on October 9, 2001, the Commission revoked his parole and

set a presumptive parole date of July 12, 2002, after the petitioner had served 12 months. See

Exhibit Q (Notice of Action).

On July 12, 2002, the Commission reparoled the petitioner and he was to remain under

parole supervision until June 25, 2010. See Exhibit R (Certificate of Parole). However, on

August 8, 2005, members of the Metropolitan Police Department arrested the petitioner for

operating a vehicle with a suspended license. See Exhibit S (Alleged Violation(s) Report). On

March 2, 2006, the petitioner was sentenced in 2005 CTF 4387  to 45 days' imprisonment for

---

[1]The petitioner was transferred to the jurisdiction of the United States Parole Commission
pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997,
Public Law No. 105-33, § 11231 (a)(1), 111 Stat.712, 745 (effective August 5, 1998); D.C. Code
§ 24-131.

operating after suspension, execution suspended, and 1 year of unsupervised probation. <u>See</u>
Exhibit T (excerpt from Prism).

On August 29, 2006, the Commission issued a parole violator warrant for the petitioner,
charging him with using dangerous and habit forming drugs, failing to submit to drug testing,
violating the law, and failing to report to his supervision officer as directed. <u>See</u> Exhibit U
(Warrant and Warrant Application). The U.S. Marshal, District of Columbia, executed the
warrant on October 25, 2006. <u>Id</u>. at p. 2. On March 8, 2007, the petitioner signed an expedited
revocation proposal in which he accepted responsibility for the violations, waived his right to a
parole revocation hearing and waived his right to appeal the Commission's decision. <u>See</u> Exhibit
V (Response to Expedited Revocation Proposal). On May 1, 2007, the Commission, in
accordance with the terms of the expedited revocation proposal, issued a Notice of Action
revoking the petitioner's parole, forfeiting the time he spent on parole and established a
presumptive parole date of November 22, 2007, after service of 13 months. <u>See</u> Exhibit W
(Notice of Action).

## <u>ARGUMENT</u>

On or about February 12, 2007, prior to signing the expedited revocation proposal, the
petitioner mailed his <u>pro se</u> petition for a writ of mandamus, requesting that the U.S. Parole
Commission be ordered to provide the probable cause and final revocations hearings which had
not been conducted by the Commission.[2] Because the petitioner is not entitled to a probable

---

[2]Since the filing of the petitioner's petition, the petitioner has been transferred to CI
Rivers in Winton, North Carolina. At the time the petitioner filed his petition, however, he was
an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden John
Caulfield. Warden Caulfield is within this Court's jurisdiction and because the Court had
jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court

cause hearing and because he has waived his right to a final revocation hearing, the petitioner's petition for a writ of mandamus should be summarily denied.

Because of the petitioner's conviction of a crime (operating a motor vehicle after suspension) committed while he was on parole, he is not entitled to a probable cause hearing. A conviction for a crime committed on parole establishes probable cause to believe that a parolee has violated the conditions of his parole and, therefore, negates the need for a probable cause hearing. See 28 C.F.R. § 2.101(h) ("Conviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the Commission's decision whether to revoke parole."); Moody v. Daggett, 429 U.S. 78, 86 n.7 (1976) (conviction gives parole authority probable cause to believe that the parolee has committed conduct which constitutes a violation of parole); Rose v. Bledsoe, 2005 WL 2372156, *3 (W.D. Va. Sept. 23, 2005) (probable cause hearing not required because petitioner had been convicted of new crime).

In addition, the petitioner has waived his right to a final revocation hearing by accepting the Commission's proposal to an expedited revocation. On March 8, 2007, the petitioner

---

retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n., 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian'"). Nonetheless, the Court should strike the respondents named in the caption of the petitioner's writ, and substitute the Warden of CI Rivers as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

accepted an expedited revocation proposal pursuant to 28 C.F.R. §2.66. <u>See</u> Exhibit V (Response

to Expedited Revocation Proposal). By the petitioner's acceptance of this offer, he accepted

responsibility for his violations, waived his right to a revocation hearing, and consented to the

sanction proposed by the Commission. <u>Id</u>. By a Notice of Action dated May 1, 2007, the

Commission, in accordance with the terms of the expedited revocation agreement, informed the

petitioner that his parole was revoked, that the time he spent on parole would be forfeited, and

established a presumptive parole date of November 22, 2007, after the service of 13 months. <u>See</u>

Exhibit W (Notice of Action).

Accordingly, because the petitioner was not entitled to a probable cause hearing and

because the petitioner has now waived his right to a parole revocation hearing, the petitioner's

petition for a writ of mandamus should be summarily denied.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

   /s/ Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been electronically filed with the Court and served by mail upon the petitioner, Donald T. Jones, Fed.Reg. No. 14989-056, CI Rivers, Federal Correctional Institution, P.O. Box 630, Winton, NC 27986, this 13th day of June, 2007.

_____/s/ Sherri L. Berthrong_____
Sherri L. Berthrong
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DONALD T. JONES,** | : | |
| **Petitioner** | : | **Civil Action No. 07-585(RMU)** |
| | : | **Judge Ricardo M. Urbina** |
| **v.** | : | |
| | : | |
| **JOHN CAULFIED, et. al.,** | : | |
| **Respondents** | : | |

## ORDER

Upon consideration of the Petitioner's Petition for a Writ of Mandamus, United States

Parole Commission's Opposition to the Petitioner's Petition for a Writ of Mandamus, and for the

reasons stated in the United States Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____day of _____, 2007.

_____
Ricardo M. Urbina
U.S. District Court Judge

Copies to:

Donald T. Jones
Fed. Reg. No. 14989-056
CI Rivers
Federal Correctional Institution
P.O. Box 630
Winton, North Carolina 27986

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

## **EXHIBIT A**

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

### JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

DONALD T. JONES

Case Number _M9721-81_

PDID Number _220-243_

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty

to the charge(s) of (A) _Failure to Appear_

and having been found guilty by ☐ Jury ☑ the Court

and a pre-sentence investigation and report having been ☑ prepared and considered ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

_(6) six months_

**EXHIBIT**

**A**

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_October 26, 1981_
Date

_Judge_

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY.

_October 26,_
Date

_Deputy Clerk_

Form CD(18)-1039/Nov. 80
Previous editions (CD-18)

White — Court Jacket          Pink — Prosecutor

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

DONALD T. JONES

Case Number _F-1450-81 B_

PDID Number _220-243_

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty

to the charge(s) of _B. Uttering_ _____ _____

_C. False Pretenses_ _____

and having been found guilty by ☐ Jury ☑ the Court

and a presentence investigation and report having been ☑ prepared and considered ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

"B" — (2) Two to (6) six years _____

"C" — One to (3) Three years Consecutive

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

October 26, 1981
Date

Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY

October 26, 1981
Date

Paul W. Roddy
Deputy Clerk

Form CDX(8)-1039/Nov. 80
Previous editions (CD48) may be used.

White — Court Jacket    Pink — Prosecutor
Canary — Jail    Goldenrod — Defense Counsel

81—P5546

NJ27

# Superior Court of the District of Columbia
## CRIMINAL DIVISION

1597

### JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

DONALD T. JONES

Case Number F 3568

PDID Number 220-24

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty ☐

to the charge(s) of "C" Carrying A Pistol Without A Lic

and having been found guilty by ' ☐ Jury ☑ the Court

and a pre-sentence investigation and report having been ☐ prepared and considered ☐ not requ

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offen charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the govern having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized r sentative for imprisonment for a period of

(3) Three years to (9) nine years.

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the Un States Marshal and that the copy shall serve as the commitment of the defendant.

October 26, 1981
Date

Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY.

October 26, 1988
Date

Quill Roddy
Deputy Clerk

Form CD(18)-1039/Nov. 80
Previous editions (CD-46) may be used.

White — Court Jacket       Pink — Prosecutor
Canary — Jail              Goldenrod — Defense Counsel

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

NJ-52

After Reveca

### JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

Donald T. Jones

Case Number M 3194

PDID Number 220-2

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty ☒ Gu

to the charge(s) of _____ (C) R.S.P. _____

_____

_____

and having been found guilty by ☐ Jury ☒ the Court

and a pre-sentence investigation and report having been ☒ prepared and considered ☐ not reques

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the governme having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized rep sentative for imprisonment for a period of

Eleven (11) months to be served

Consecutively with any other

sentence now being served

(orig. sent of 1 yr reduced to 11 mos at revocation)

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the Unit States Marshal and that the copy shall serve as the commitment of the defendant.

11/3/81
Date

Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE US MARSHAL OR HIS DEPUTY

11/3/81
Date

Deputy Clerk

**EXHIBIT B**

PB-3
REV. 8-81

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20004

# Order



*Name*    Jones, Donald _____

*DCDC Number*    159-775 A _____

*Institution (or status and PO)*    Min. _____

The case of the above named person has come to the attention of the Board of Parole with reference to:

- ☐ Early parole hearing
- ☒ Initial parole hearing
- ☐ Parole rehearing / IRH
- ☐ Preliminary hearing
- ☐ Revocation hearing

- ☐ Warrant request
- ☐ Detainer review
- ☐ Personal appearance
- ☐ Work release violation
- ☐ Information

☐ Other: _____

REMARKS: _____

RECOMMENDATION OF ANALYST / EXAMINER ___ Continue for rehearing January 22,1988

and continue work training program. _____

*13*

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

Continue For Rehearing Jan. 22, 1988
and Continue Work Training
Program

*AG*
*BJ*

*Date*   Aug. 3,1987 _____ *District of Columbia Board of Parole:*

*Chairman*
Howard R. Cross
Bernice Just

Reason for the above action (where applicable): _____

_____ (N / A date 8-17-87 by JM _____)

**EXHIBIT**
B

**EXHIBIT C**

PB-3
REV. 8 - 81
'85 — 9P758

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001

# Order



Name _Jones, Donald_

DCDC Number _A - 15-9-775_

Institution (or status and PO) _Modular (heard at Mod.)_

CODE _6A_

The case of the above named person has come to the attention of the Board of Parole with reference to:

- ☐ Early parole hearing
- ☐ Initial parole hearing
- ☑ Parole rehearing / IRH
- ☐ Preliminary revocation hearing
- ☐ Revocation hearing

- ☐ Warrant request
- ☐ Detainer review
- ☐ Personal appearance
- ☐ Work release violation
- ☐ Information

☐ Other: _____

REMARKS: _____

_____

RECOMMENDATION OF ANALYST / EXAMINER _____

_____

_____

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

_Deny parole; reconsideration for parole August 24, 1988_

WH
KJ

Date _2/24/88_ District of Columbia Board of Parole:

_William R. Nissan_ Chairman

_Karen L. Jones_

Reason for the above action (where applicable): _____

_____

(N / A date _2/25/88_ by _RB_ )

**EXHIBIT**
**C**

**<u>EXHIBIT D</u>**

 

PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

CERT # AP 3096-88

## ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that Jones, Donald T. _____ D.C.D.C. 159775 _____ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on OCTOBER 11th _____, 19 88 , and that said person remain under supervision within the limits of the Wash. Metro Area _____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until November 23th, 2000 , 19X ; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this 1 _____ day of September _____, 19 88 .

The above-named was released on the _____ day of OCT , 19 88

_____
Administrator

**EXHIBIT**
**D**

B-3469



## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to __Willie Inman 1322 Green Court 3rd Floor N.W__ Department of Corrections, Room _____, for my final instructions.  phone 727-5132

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

SPECIAL CONDITIONS.- Strict narcotics surveillance.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| _Donald Jones_ | _159-275_ | _10-11-88_ |
|---|---|---|
| Signature of Parolee | D.C.D.C. | Date |

| _R.C. Hall_ | _Cpl._ | _10/11/88_ |
|---|---|---|
| Signature of Witness | Title | Date |

**EXHIBIT E**



# The Board of Parole
#### of the
## District of Columbia
### NOTICE OF BOARD ORDER



Order # 1 of 1

In reference to:

**DCDC** 159-775                 **NAME** DONALD T JONES

**DOB** ▨▨▨▨▨          **SSN** ▨▨▨▨▨          **LOCATION** MEDIUM

**DOCKET** H9201-0038          **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

> REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
> CONSIDER FOR REPAROLE BY 09/13/1992

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

> WORK DETAIL
> NO NEW DISCP. REPORTS

Remarks:

> FAILED TO KEEP PO INFORMED/RESID
> FAILED TO OBEY ALL LAWS
> FAILED TO REPORT AS DIRECTED

_signature_ 1/27/92

01/15/1992
_____
Date

_Eris Athymen_ *

_____
Chairman
on behalf of the Board of Parole

Seal

NOA Date _1-31-92_ by _Clayton_

[ Parole Determination File ]
INGRAM, T

**EXHIBIT**
**E**

**EXHIBIT F**

(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

Certificate-Adult-11637-92

'2 NOV -6 PM 4:34

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that Jones, Donald _____ D.C.D.C. _____ 159-775 _____ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on ____ November 5, _____, 19 92, and that said person remain under supervision within the limits of the ____ Washington, Metro Area _____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until ____ December 1, 2000 _____, 19___; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this ____ 21st, _____ day of ____ August _____, 19__ 92

The above-named was released on the 5 day of _____, 19 __

_s/ Joseph Wilmer_
**Administrator**

_Eric Sitzman_ 5

**EXHIBIT**
**F**

81—P5804

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to _____ Mr. Goff 1339 Green Court, NW
   Department of Corrections, Room _____, for my final instructions. Washington, DC
   Phone: 202-727-5130

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

Special Conditions: Narcotics Surveillance

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

_Donald Jones_                    _159-775_          _10-5-82_
Signature of Parolee              D.C.D.C.              Date

## EXHIBIT G



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Moo-02

Case No. _A712-93_
PDID No. _220-243_

vs.

Donald Jones

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _f_
_Attempted Possession With Intent to Distribute Cocaine_

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _be to Court f_
_(3) Three to (9) Nine Years, E.S.S._
_(3) Three Years Probation_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☑ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☑ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☑ Treatment for ☐ alcohol problems ☑ drug dependency or abuse as follows:
_Enter And Complete Stout Street Program Inpatient_

☐ Restitution of $_____ in monthly installments of $_____ beginning _____
_____ (see reverse side for payment instructions). The Court
will distribute monies to _And After Care_                    **EXHIBIT**
                                                                    **G**

Costs in the aggregate amount of $ _Waived_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_7/11/94_
Date                                         _Mildred M. Edwards_
                                                          Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_7/11/94_
Date                                         Deputy Clerk

**EXHIBIT H**

## Superior Court of the District of Columbia
### Washington, D.C. 20001

Mildred M. Edwards
Judge

(202) 879-7840

July 11, 1994

## MEMORANDUM

TO:  J. William Erhardt, Esquire
    Legal Assistance Branch

FROM: Mildred M. Edwards *M. M. E.*
    Associate Judge

RE:  Sentencing in U.S. v. Donald T. Jones, F-712-93

    Attached are a presentence investigation and Judgment/Probation Order in the above-captioned case, in which I sentenced the defendant on July 11, 1994. As you can see from the Judgment/Probation Order, I imposed a sentence of 3 to 9 years in this case and suspended execution of it and placed Mr. Jones on probation for three years with the requirement that he complete the residential and aftercare phases of the Stout Street drug treatment program in Colorado. Mr. Jones has been accepted by Stout Street.

    It is my understanding that Mr. Jones is awaiting parole in F-3568-81. I would appreciate your advising the Parole Board of my sentence in the instant case and my recommendation that Mr. Jones be paroled so that he may begin his treatment at Stout Street. Please give me a call if you have any questions.

    Thank you.

Attachments

**EXHIBIT**
**H**

# **EXHIBIT I**



# The Board of Parole
## of the
# District of Columbia



## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 159-775      **NAME** DONALD T JONES

**DOB** ▓▓▓▓▓      **SSN** ▓▓▓▓▓▓      **LOCATION** MODULAR

**DOCKET** H9410-0104      **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

    REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
    GRANT REPAROLE TO SUPERVISION

Implementation of this Order shall include the following:
Special Conditions of Parole

    INPATIENT DRUG PROGRAM

Remarks:

    ILLEG POSS NARCOTIC DRUG
    FAILED TO KEEP PO INFORMED/RESID
    FAILED TO OBEY ALL LAWS
    FAILED TO REPORT ARREST TO PO
    NONCOMPLIANCE: NARC SURVEILLANCE



11/09/1994

Date

11-14-94

NOA Date 11-15-94    by _____

_____
Chairman
on behalf of the Board of Parole

Seal

[ Parole Determination File ]
GREEN, E

## EXHIBIT
I

**EXHIBIT J**

FP-15
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE
### Certificate-Adult- 15554-94
### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Jones, Donald _____ D.C.D.C. __159-775__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ___December 23,___, 19_94_, and that said person remain under

supervision within the limits of the ___Washington, Metro Area___ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until ___March 10, 2002___ xxxxx; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

    This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

    Given under the hands and seal of the BOARD this ___9th,___ day

of ___November___, 19_94_

The above-named was released on

the ____ day of _____, 19___

_____

Administrator

**EXHIBIT**
J

STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to ................ Mr. McQueen 1339 Green Court, NW
   Department of Corrections, Room _____, for my final instructions. Washington, DC
   Phone: 202-727-5130

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

Special Conditions: In-patient Drug Program (Stout Street Program)

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

_____     _____     _____
Signature of Parolee                D.C.D.C.                              Date

_____     _____     _____
Signature of Witness                Title                                 Date

**<u>EXHIBIT K</u>**



GOVERNMENT OF THE DISTRICT OF COLUMBIA
BOARD OF PAROLE
717·14TH STREET N W  SUITE 300
WASHINGTON D C  20005

December 14, 1994

RE: Jones, Donald T.
DCDC: 159 775
DOB: ███████
PDID: 220243
FBI: 756335-F

Sally Skiver, Correspondent
Colorado Interstate
7409 S. Alton Street, #150
Englewood, CO 80112

Dear Ms. Skiver:

This letter is to notify you that the above referenced subject has been paroled to an inpatient drug treatment program in your jurisdiction; the Stout Street Foundation Residential Treatment Center at 1647 Gaylord Street, Denver, Colorado.

The subject is expected to remain in inpatient treatment for the entire duration of the program.  His confirmed date of arrival is December 30, 1994.

Ms. Sylvia Flegler, the center's intake coordinator has been instrumental in confirming the subject's arrival to and acceptance in the Stout Street Program; she can be contacted at (303) 393-6406.

We request that you provide courtesy supervision while this subject is in your jurisdiction.

Respectfully submitted,

*Teresa A. Tyler*

Teresa A. Tyler
Parole Officer

APPROVED:

Williette Copeland
Supervisory Parole Officer

EXHIBIT
K

# EXHIBIT L

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. _F712 -93_
PDID No. _220-243_

vs. Donald Jones

_AMENDED_

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of ____
_(F) Attempted POSSESSION with Intent to Distribute cocaine_
and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to ____
_(F) 3years to 9 years ESS 2years of Supervised probation_
____
____
____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☑ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☑ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☑ Treatment for ☐ alcohol problems ☑ drug dependency or abuse as follows: _Regular testing + TREATMENT IF NEEDED_

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

EXHIBIT
L

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_6-12-95_
Date

_Michael M. Edwards_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_6-12-95_
Date

_M. Henley_
Deputy Clerk

**EXHIBIT M**



★ ★ ★

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
**300 INDIANA AVENUE N.W., 2ND FLOOR**
WASHINGTON, DC 20001

**June 9, 1997**

MEMORANDUM TO:    Board Members

FROM: Michael O. Williams                    PAROLE UNIT  2
              NAME

SUBJECT:   REPORT OF ALLEGED VIOLATION(S)          [ ] UPDATE

RE: Jones, Donald                159-775      220-243      756 335 F
            NAME                  DCDC#         PIID#          FBI#

  M                   Active/Maximum      12-16-94      3-10-2002
SEX      DOB        SUPV.TYPE/LEVEL    DATE SUPV. BEGAN    FTD

SPECIAL CONDITIONS(S): Inpatient Drug Program-Stout Street Program



    Uttering, RSP, CPWOL, FTA
      OFFENSE(S) ON WHICH PAROLE MAY BE REVOKED

  19 years                          9-12-91
  AGGREGATE SENTENCE            DATE SENTENCE BEGAN

  Discretionary, 12-22-94          2              1
RELEASE TYPE & DATE           #RELEASE      #REVOCATIONS

ACTION RECOMMENDED:   [X] WARRANT   [ ] OAR   [ ] OAPC   [ ] PA

                      OTHER:_____

       CODE   ALLEGATION(S)/DATE(S):   EVIDENCE-SOURCE & TYPE

1.   0102   Failed to report further
            instructions 12-22-94       Field Sheet Entry
                                        dated 6-3-97


2.   9952   Noncompliance- In patient drug   Release Verification
            program  12-22-94               Report, Field Sheet
                                            Entry dated 6-3-97



EXHIBIT
M

DISTRICT OF COLUMBIA P  RD OF PAROLE _____     _____    page 2

NAME:  Jones, Donald
DCDC#:  220-243

This case was transferred from PO Bonita Mayo to the undersigned
on 2-14-97, therefore, information contained in this report is
based on pre-exisating documentation of the files.

Mr. Donald Jones was released from the Occoquan facility in
Lorton, Virginia on 12-22-94.  He was released to the Stout
Street Inpatieent Drug Program in Denver, Colorado.  He was
expected to report there 12-30-94.  The undersigned discovered
the file on 6-3-97.  A call was placed to the Stout Street
Program on 6-3-97 at which time this officer was informed that
the matter would have to be looked into.  On 6-4-97 this officer
called the program again, and was informed by Mr. Richard Perkins
that there was no record of the subject ever participating in the
program.  This officer again called Mr. Perkins on 6-9-97 to
double check if the subject had been in the program.  Mr. Perkins
stated that he checked the files dating back to 1993, and there
was no record of the subject.

It is, therefore, reommended that a parole violation warrant be
issued for the subject's arrest.

Respectfully Submitted,

Michael O. Williams
Parole Officer

APPROVED:
                McKinley Rush, Jr.
                Supervisory Parole Officer

**EXHIBIT N**

## DISTRICT    OF    COLUMBIA    BOARD    OF    PAROLE

**WARRANT**                                    Number  PE-31838-97

TO:  Any Officer of the D.C. Department of Corrections
Any Police Officer or Federal Officer Authorized to Serve Criminal Process

RE:  NAME:  JONES, Donald                          DCDC #  159775

ALIAS: BYRD, Donald Tyrone/"Byrd"                  PDID #  220-243

BYRD, Willie Lee/"Willie"/"Don"                    FBI #  756-335-F

LAST KNOWN ADDRESS:                               DOB:

Washington, D.C.                                  RACE: Blk    SEX: M

PAROLE OFFICER: Michael O. Williams               HEIGHT: 6'2" WEIGHT:  165

SENTENCE TYPE:  X Adult    ___YRA    ___FYCA*    ___YRA & Adult    ___FYCA & Adult

SUBJECT'S LOCATION:  X At large    ___ Confined at _____

WHEREAS the above-named person is under sentence in the District of Columbia

for the crime(s) of  Uttering/RSP/CPWOL/FTA                        and was

on the  22nd  day of  December      , 19 94 , released on parole from the

_____ Occoquan Facility _____,

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole
that said paroled prisoner has violated the conditions of parole and is therefore
deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED

STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF CORRECTIONS, *EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF*

*FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.*

*PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL*

*WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT*

*SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS*

*WARRANT IS EXECUTED.*

WITNESS my hand and the seal of this Board this  27th day of  June      ,

19 97 .

_____
Member, D.C. Board of Parole

*  **FYCA case ONLY:**  This warrant expires at 12:01 a.m. on _____, 19____
and the person named MUST NOT be held beyond that time.

BOP.280  7/20/93

**EXHIBIT**
**N**

SENT BY:                    6-18-98 ;11:21AM ;D.C. Jail -- RECORDS-                SJL CORP;# 3/ 3

WARRANT for return of Paroled Prisoner _Donald Jones_

DCDC No._159-775_ to the Central Detention Facility, Washington, D.C.

_____

EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BOARD OF PAROLE

_____WAShington_____, District of _Columbia_

Received this writ the _19th_ day of _June_, 19_98_, and executed same

by arresting Paroled Prisoner _Donald Jones #159-775_ at

_MPD Central cellblock_ this _19th_ day of _June_,

19_98_, at _985_ (a.m.)/p.m., and committing (him)/her to _____

_____CDF_____

_Floyd_ (signature)
Executing Officer

Further executed same by commitment of the above-named Paroled Prisoner to

_____CDF_____ at _1901 D St. S.E. WASh, D.C.,_

on this _19th_ day of _June_, 19_98_, at _10_ (a.m.)/p.m.,

the institution designated by the Attorney General, with this copy of the Warrant

and the Statement of Alleged Violations attached hereto.

_Floyd_ (signature)
Executing Officer

_____

**NOTE:** _One signed copy of this executed warrant is to be returned to the District of Columbia Board of Parole. If an expired warrant for a prisoner sentenced under the Federal Youth Corrections Act (FYCA) is discovered in your files, it should be returned forthwith to the District of Columbia Board of Parole._

**<u>EXHIBIT O</u>**




# *The Board of Parole*
### *of the*
### *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 159-775

NAME  DONALD T JONES

DOB  ▨▨▨▨

SSN  ▨▨▨▨

LOCATION  OCCOQUAN FACILT

DOCKET  H9808-0003

CONSIDERATION TYPE  H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONSIDER
FOR REPAROLE BY 12/18/1998

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION
NO NEW DISCP. REPORTS

Remarks:

FAILED TO RPT/FURTHER INSTRUCTIONS
NONCOMPLIANCE: INPAT DRUG PROG

08/24/1998
Date

Seal

SCA Date  9/4/98  by  _____

_Margaret Quick_ - 1
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]

**EXHIBIT**
**O**

**EXHIBIT P**

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

RECEIVED
JAN. 24 2000
P.M.

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that Jones, Donald, DCDC No. **00159+775**, is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **January 17, 2000**, and that said prisoner is to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until **January 7, 2009.**

Given under the hands and the seal of the United States Parole Commission on **January 7, 2000.**
UNITED STATES PAROLE COMMISSION

By: **Helen A. Herman, Case Analyst**
Docket/Case Number:  F1450-81, F3568-81

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof.  I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole.  I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties.  This consent shall be irrevocable until the termination of parole supervision.

_Donald Jones_ _____ _159-775_
            Name                                    DCDC No.

Witnessed: _Don Agbarakwe C8O_ _1/13/00_
            Name and Title                              Date

The above-named person was released on the _17_ day of _Jan_, ~~19~~ _2000_ with a total of _3278_ days remaining to be served.

_Joseph Wilmer_
Official Certifying Release

**EXHIBIT P**

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the District of Columbia (unless released to the custody of other authorities) and immediately report in-person to the Parole Supervision Services Division of the District of Columbia Board of Parole (*300 Indiana Avenue, NW, Suite 2134, Washington, DC 20001.*)

2. If you are released to the custody of other authorities, immediately after your release from the custody of such authorities, you shall report in person to the Parole Supervision Services Division at the above address. If you are released to the community by an institution more than fifty miles from the District of Columbia, you shall report in person to the Parole Supervision Services Division within three days.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed, or used.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit confiscation by your Supervision Officer of any materials which your Supervision Officer believes may constitute contraband in your possession and which your Supervision Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by the Board of Parole or the Supervision Officer.

14. You shall cooperate fully with the Board of Parole and those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause your return to the institution.

15. The U.S. Parole Commission may add to, modify, or delete any condition of parole at any time prior to the release of the offender. Following delivery of the parole or mandatory release certificate, such jurisdiction is vested in the Board of Parole of the District of Columbia until that jurisdiction is transferred to the U.S. Parole Commission on or before August 5, 2000.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses. In addition, 42 U.S.C. § 14072(i) makes it a federal crime for any offender covered by 18 U.S.C. § 4042 to fail to register in accordance with state law. If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

**You shall also abide by the special condition(s) as indicated below *with the highest level of supervision*:**

**You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the Parole Supervision Services Division for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all**



other intoxicants during and after the course of treatment.

Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

**EXHIBIT Q**

**U.S. Department of Justice**                **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: JONES, Donald               Institution:    D.C. Jail

Register Number: 14989-056            DCDC No.: 159-775

In the case of the above named the following parole action was ordered:

### DC Local Revocation:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service of 12 months (07-12-2002). You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

NOTE: It is requested that CSOSA investigate placement directly into a residential treatment program following your release on parole.

FINDINGS OF FACT:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner.

Charge No. 2 - Violation of Special Conditions (DAPS).

Basis: Your admission to the examiner.

REASONS:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations. Your new salient factor score is 2. As of your hearing date of 09-20-2001, you have been in custody for 2 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

EXHIBIT
Q

Date: October 9, 2001

USM-District of Columbia - District Court    Page 1 of 3        Clerk: adc

JONES.149

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution  and to your Supervision  Officer. In certain cases, copies may also be sent to the sentencing  court. You are responsible  for advising  any others  you wish to notify.

See the attached  sheet  for an explanation  of the Salient  Factor  Score  and your item  individual  points.

cc:



U.S. Marshal
District  of Columbia  - District  Court
333 Constitution   Avenue,  N.W.
Room 7337
Washington,  D.C.  20001
Attn:  Warrant   Squad

CSS Management   Group
Attn: Sharon  Barnes-Durbin,   SCSA
300 Indiana  Avenue,  NW
Second  Floor, Suite  2149
Washington,   DC 20001

Leila Thamer
Staff Attorney
Public Defender  Service  for the
District  of Columbia
633 Indiana  Avenue,  N.W.
Washington,   DC 20004

---

Date:  October  9, 2001                                                  Clerk:  adc

USM-District   of Columbia  - District  Court    Page  2 of 3          JONES.149

| Your Pts | SFS-98 Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications    (adult or juvenile) None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than 30 days (adult or juvenile) None = 2;One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Total Salient Factor Score (SFS-98) (sum of points for A - F above) |

| Points For SFS-98 Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT R**

06/20/02  10:46 FAX 301 492 6694          US PAROLE COMMISSION                    ☑002/004

84-A-08

# U.S. Department of Justice
## United States Parole Commission

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **JONES, Donald Tyrone, REG No. 14989-056**, (DCDC No. 159-775), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **July 12, 2002**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of the **Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **June 25, 2010.**

Given under the hands and the seal of the United States Parole Commission on **June 17, 2002.**
UNITED STATES PAROLE COMMISSION

By: **Juanita E. Holmes, Parole Info. Specialist**

Docket/Case Number: F1450-81, F3568-81
Initial Risk Category: SFS - 2

## Acknowledgment of Release Conditions:
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

## Consent to the Disclosure of Drug/Alcohol Treatment Information:
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

Donald Jones                          149-89 056
_____              _____
Name                                  DCDC No.

Witnessed: _____ 7/12/02
           Name and Title                            Date

The above-named person was released on the 12 day of July, 20 02 with a total of 2874 days remaining to be served.

**EXHIBIT**
**R**

_____
Official Certifying Release

...RTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions
on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing
...termine if the release should be revoked.

## CONDITIONS OF RELEASE

1.  You shall go directly to the district named in the certificate (unless released to the custody of other authorities).
    Within three days after your release, you shall report to the supervision office named on the certificate. If in any
    emergency you are unable to get in touch with the supervision office, you shall communicate with the *United States
    Parole Commission, Chevy Chase, Maryland 20815-7286.*

2.  If you are released to the custody of other authorities, and after release from the physical custody of such authorities,
    you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S.
    Probation Officer.

3.  You shall not leave the geographic limits fixed by the certificate of release without written permission from your
    Supervision Officer.

4.  You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision
    Officer between the first and third day of each month, and on the final day of parole. You shall also report to your
    Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5.  You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in
    touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6.  You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7.  You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without
    permission from your Supervision Officer.

8.  You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to
    the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You
    shall notify your Supervision Officer within 2 days of any change in your place of residence.

9.  You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or
    distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a
    practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such
    drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous
    weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation.
    You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute
    contraband in your possession and which he observes in plain view of your residence, place of business or occupation,
    vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify
    the conditions of parole to require you to permit the Supervision Officer to conduct searches and seizures of concealed
    contraband on your person, and in any building, vehicle, or other area under your control, at such times as the
    Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered
    child support or alimony payment that has been, or may be, imposed, and shall provide such financial information
    as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the
    obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment
    schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your
    Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your
    Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to
    the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved
    Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested
    positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated
    sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community
    treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will
    subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will
    be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission
    finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the
    Commission may override the imposition of a graduated sanction at any time and issue a warrant or summons if it
    finds that you are a risk to the public safety or that you are not complying with this condition in good faith.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform
    Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex
    offender registration agency as directed by your Supervision Officer. You are required to report for registration in
    any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You
    must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for
    sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered
    by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where

You will provide a DNA sample if collection of such sample is authorized pursuant to § 3 of the DNA Analysis Backlog Elimination Act of 2000.

You shall also abide by the below listed special condition(s) as indicated:

You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

The Parole Commission may add to, modify, or delete any condition of release at any time.

Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

**EXHIBIT S**



**Court Services and Offender Supervision Agency
for the District of Columbia**
*Community Supervision Services
Branch IIB, General Supervision*



### Alleged Violation(s) Report

August 10, 2005

| | |
|---|---|
| **TO:** | The United States Parole Commission<br>Shelton Rhonda<br>5550 Friendship Boulevard<br>Chevy Chase, MD  20815-7286 |

| | | | |
|---|---|---|---|
| **FROM:** | Jerrilyn Ball-Jones | **Unit:** | General Supervision - Team 53 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7660 |
| **Please send all inquiries to:** | 3850 South Capital Street, SE<br>Washington, DC 20032 | **Fax:** | 585-7613 |
| | | **Email:** | jerrilyn.ball@csosa.gov |
| **SUBJECT:** | Non-Compliance with Parole | | |
| **DOCKET:** | | | |

**Offender:**  DONALD T JONES
**FEDREG #:**  149890-56
**FBI #:**  756335F
**DCDC #:**  159-775
**PDID #:**  220-243
**Action Recommended:** Warrant

US P...

AUG 2 9

C...

**SENTENCING INFORMATION:**

Mr. DONALD JONES is a 56 year-old male D.C. parole violator who was paroled on July 12, 2002 with a full term date of June 25, 2010.

**EXHIBIT
5**

Court Services and Offender Supervision Agency                                    Page 2

## ALLEGED VIOLATION(S)

### ALLEGATION #1-ILLEGALLY USED CONTROLLED-DANGEROUS SUBSTANCE (0406)

Mr. Jones illegally used a controlled-dangerous substance (Cocaine) when he tested positive during urine surveillance on June 15, 2005. This is evidenced by the Drug Testing History report attached.

### ALLEGATION # 2-FAILED TO OBEY ALL LAWS (0901)

Mr. Jones' failure to obey all laws is evidenced by the PD 163 police report which indicates that he was re-arrested in the District of Columbia on August 9, 2005 for Operating After Suspension in case #T-4387-05. This matter has been set for a hearing on September 1, 2005. Mr. Jones has been released on Personal Recognizance.

## CASE SUMMARY

The offender, Mr. DONALD JONES lives at ▮▮▮▮▮▮▮▮▮, WASHINGTON, DC 20020 and can be reached by phone at ▮▮▮▮▮▮▮▮▮ The offender has been at this place of residence for 4 year(s) and 11 month(s). The offender currently lives with his wife, ▮▮▮▮▮. This information was provided on his Supervision reporting form during an office visit on August 10, 2005.

On or about August 3, 2003, DONALD JONES was employed with Capitol Hill Nursing and Rehabilitation Center where he works as a certified nursing assistant. This was last verified by presentation of a pay stub on August 2, 2005 during an office visit.

Since the submission of the last AVR dated May 18, 2005, the offender's adjustment has been marginal. In an effort to address his addiction, Mr. Jones admitted himself into the Psychiatric Institute of Washington for five days in their detox program. He was released on June 6, 2005 and referred to a Better Way Program for out-patient treatment for 9 months. The program provides daily NA meetings and individual counseling. Mr. Jones provides sign-in sheets during his office visits to verify his attendance. Mr. Jones relapsed on June 15, 2005. He incurred a positive drug test for cocaine. All subsequent test results have been negative. He continues to participate in the program.

In addition, Mr. Jones has been re-arrested for Operating After Suspension in case #T-4387-05. The offender was stopped and given a citation for having an object hanging from his rear view mirror. During the traffic stop, it was discovered that the offender's driving privileges had been suspended. The case has been set for a hearing on September 1, 2005. The offender was released on personal recognizance. He relates that he had provided the Department of Motor Vehicles with the results of his visual exam on June 11, 2004 (see document attached). Therefore, Mr. Jones was under the impression that his privileges had been reinstated.

Court Services and Offender Supervision Agency　　　　　　　　　　　　　　　　Page 3

**RECOMMENDATION**

A letter of reprimand.

Respectfully submitted,

*Jerrilyn Ball-Jones*　　　　　　　　　　　　　　　　　　　　8/24/05

Jerrilyn Ball-Jones
Community Supervision Officer
Telephone Number: (202) 585-7660　　　　　　　　　　　　(Date)

**Approved by:**

*Marie Asike*

Marie Asike
Supervising Community Supervision Officer
Telephone Number: (202) 585-7825　　　　　　　　　　　8-24-05
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Date)

cc:　File

492569350

## DISTRICT OF COLUMBIA NOTICE OF INFRACTION

| DAY OF WEEK | DATE | MONTH | YEAR | TIME | |
|---|---|---|---|---|---|
| ON Mon THE | 8 | DAY OF Aug | 05 | AT 810 | ☐ AM ☒ PM |

VIOLATOR'S FULL NAME (LAST, FIRST, MIDDLE)  **OWNER** ☒

Jones Donald Tyrone

STREET ADDRESS  **SEX** M

CITY, STATE Washington D.C.  ZIP 20020  DATE OF BIRTH

OPERATOR'S PERMIT NO. 240846943  HZM? CDL STATE DC

VEHICLE LICENSE NO. SISH 28191  DC MD VA X OTHER 05

☒ BLOCK ☐ FRONT ☐ REAR ☐ SIDE  VEH. MAKE N155  BODY 4D

☐ EAST SIDE ☐ WEST SIDE ☐ NORTH SIDE ☐ SOUTH SIDE ☐ OPPOSITE  COMM VEH

LOCATION OF VIOLATION 3600 Van Ness

☒ ST. ☐ AVE. ☐ RD. ☐ PL. ☐ CT. ☐

☒ N.W. ☐ N.E. ☐ S.W. ☐ S.E.

### MOVING VIOLATION                                        CODE

| T713 ☐ SEAT BELT REGULATION | ☐ SPEEDING _____ MPH | ☐ |
| T113 ☐ SIGNAL PASS RED LT. | IN _____ MPH ZONE | ☐ |
| T128 ☐ STOP SIGN, PASSING | T672 ☐ TAGS FAIL DISPLAY CURR. | ☐ |
| T112 ☐ SIGNAL DEVICE DISOBEY | 1183 ☐ NO LEFT TURN | ☐ |
| T107 ☐ NO YIELD RIGHT OF WAY | 1742 ☐ FAIL TO DISPLAY CURR INSPC. | ☐ |

☒ OTHER: Obstructing Handling Obstructing Rear View

☐ ACCIDENT ☐ INJURY          ☐ CCN:

### PARKING VIOLATION    ☐ TOWING REQUESTED          CODE

| 39 ☐ RED METER (................) | 03 ☐ RESIDENTIAL PARKING | ☐ |
| 55 ☐ NO PARKING ANYTIME | 20 ☐ LESS 10' FIRE HYDRANT | ☐ |
| 02 ☐ ALLEY, IN | 31 ☐ IN LOADING ZONE | ☐ |
| 07 ☐ IN BUS ZONE | 159 ☐ NO STAND, RUSH HOURS, AM | ☐ |
| ☐ LESS.......... INTERSECTION | 259 ☐ NO STAND, RUSH HOURS, PM | ☐ |
| 01 ☐ PARKING ABREAST | 41 ☐ PRIVATE OR PUBLIC PROPERTY | ☐ |

☐ OTHER: .........................................

### SCHEDULED FINE OR COLLATERAL

☒ $15 ☐ $20 ☐ $25 ☐ $50 ☐ $75 ☐ $100 ☐ $......

I swear or affirm under penalty of perjury that I observed or investigated the commission of this violation and served this notice of infraction as provided for by law.

| ISSUER'S SIGNATURE | DEPT. | ELEMENT | BADGE NO. |
|---|---|---|---|
| | MPD | 2D | 1053 |

MPD CAD NO. 1697

I hereby acknowledge receipt of this notice of infraction. ACKNOWLEDGEMENT OF RECEIPT IS NOT AN ADMISSION OF LIABILITY.

| DATE | SIGNATURE |
|---|---|
| BTA FORM 51 11/04 | **COPY C** |

08/09/2005 14:39 FAX 2025857501     SPECIAL PROJECTS     → TEAM 53     @002/003

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.
ARREST/PROSECUTION REPORT
P.D. 163 Rev. 5/2002     G.O. 401.5

| | |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | 2. ID NUMBER (ID ONLY) 220243 |
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | 4. CID NUMBER |

| 5. UNIT-ARREST NO. | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) | 7. DEA LAB NUMBER |
|---|---|---|
| 020501278 | JONES, DONALD TYRONE | |

| 8. Arresting Officer's Name | 9.TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS | 11. PHONE NUMBER (202) 276-2509 |
|---|---|---|---|
| LUDWIG, K.R. | | | |

| Rank | Badge # | Agency | 12. COURT DATE | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) | 14. TIME IN D.C. |
|---|---|---|---|---|---|
| OFC | 1053 | MPD | 8/9/05 | | LIFE |

| 15. ☐ CHILD ABUSE | ☐ GANG | ☐ HATE SPECIAL INTELLIGENCE | ☐ SENIOR CITIZEN | ☐ DOMESTIC VIOLENCE | 16. SEX ▶ Male | 17. RACE ▶ Black | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|---|

| 20. NEED INTERPRETER ☐ YES ☒ NO | 21. HEIGHT 6'2" | 22. WEIGHT 2051 | 23. HAIR BAL | 24. EYES BRO | 25. COMPLEX Dark | 26. PERMIT NO/ST DC/240846943 | 27. BIRTHPLACE (City & State) WASHINGTON, D.C. |
|---|---|---|---|---|---|---|---|

| 28. CO-DEFENDANTS: Number 0 (If more than 3, list on back) | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY BLACK | 31. CAUTION NONE |
|---|---|---|---|
| NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 32. SCARS/MARKS/TATTOOS TATTOO: L UPPER BACK | | |
| 1. | 33. HAT NONE | 34. JACKET NONE | 35. PANTS BRO PLAID |
| 2. | 36. COAT NONE | 37. SHIRT MULTI | 38. SKIRT/DRESS NONE |
| 3. | | | |

| 39. WALES/NCIC CHECK | | |
|---|---|---|
| CHECK MADE BY (Name) HARRIS, S. | NCIC NUMBER 56656 | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☐ No ☒ |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) ▶ 3500 VAN NESS ST., NW | DATE OF OFFENSE ▶ 8/8/05 | TIME OF OFFENSE ▶ 2010 |
|---|---|---|
| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) ▶ 3500 VAN NESS ST., NW | DATE OF ARREST ▶ 8/8/05 | TIME OF ARREST ▶ 2030 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ |
|---|---|

| 43. DEFENDANT ADVISED OF RIGHTS | | | | |
|---|---|---|---|---|
| DATE | TIME | LOCATION NOT ADVISED | OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47/47A | BADGE NO | UNIT |

| 44. COMPLAINANTS / WITNESSES (If sworn members - Name; Rank, Badge No. and Unit)     MORE ☐   See Back | | | | |
|---|---|---|---|---|
| NAME - LAST, FIRST, M.I. W-1 ▶ LUDWIG, K. #1053 | ADDRESS - STREET, CITY, STATE, ZIP CODE 3320 IDAHO AVE, NW | BIRTHDATE ADULT | HOME PHONE NO. | WORK PHONE NO. (202)282-0070 |
| W-2 ▶ | | | | |

| 45. SPEC. OPS NONE | 46. TACTICS 4 - Traffic Stop | 47. PREMISES 1 - Street | 48. SCHOOL ZONE PUBLIC HOUSING |
|---|---|---|---|

| | CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA/BOND RECEIPT NO |
|---|---|---|---|---|---|
| ENTER THE LEAD CHARGE FIRST | 1. OPERATING AFTER SUSPENSION (O.A.S) | | 106-023 | Lock up | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| | 5. | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITIALS, DATE - UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/PAGE NO. | CSES NO. | 8-8-03 | |
| | | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

| 54. CCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

**COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK**

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| 1. PRESENT | MIDLINK | 700 CONSTITUTION AVE, NE | (202)443-4800 | NURSE |
| 2. | | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| FRIEND | ADULT | CRAWFORD, PETER | 16TH & NEW HAMPSHIRE AVE, NW | (202)361-8822 |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| NONE | ☒ YES ☐ NO ☐ REFUSED | (202)361-8822 |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)

The event occurred on 8/8/05 at approximately 2010 at 3500 VAN NESS ST., NW in Washington DC.

ON THE LISTED DATE AND TIME, THE UNDERSIGNED OFFICER, ASSIGNED TO CRUISER 2041, WHILE ON ROUTINE PATROL OBSERVED A GOLD NISSAN FOUR(4) DOOR OPERATING WESTBOUND IN THE 3400 BLOCK OF VAN NESS ST, NW WITH OBJECTS HANGING FROM THE REAR VIEW MIRROR. D-1 WAS OBSERVED OPERATING THE VEHICLE AT THIS TIME.

THE UNDERSIGNED EFFECTED A TRAFFIC STOP IN THE 3500 BLOCK OF VAN NESS ST., NW. A WALES CHECK WAS CONDUCTED THROUGH THE SECOND DISTRICT DISPATCHER REGARDING D-1'S DRIVER'S STATUS. THE CHECK REVEALED THAT D-1'S DRIVING PRIVILEGES IN THE DISTRICT OF COLUMBIA HAD BEEN SUSPENDED.

D-1 WAS ISSUED ONE(1) NOTICE OF INFRACTION FOR HAVING OBJECTS HANGING, AS TO OBSRTUCT THE DRIVER'S REAR VIEW, NOI#492569350, PLACED UNDER ARREST FOR OPERATING AFTER SUSPENSION, AND TRANSPORTED TO THE SECOND DISTRICT, VIA WAGON 22, FOR PROCESSING.

D-1 WAS IDENTIFIED, BY HIS DC PERMIT, #240846943, AS JONES, DONALD TYRONE; B/M; DOB:3/10/49.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 119 for defendant's written statement.)]

D-1 STATED THAT HE WAS NOT AWARE THAT HE WAS SUSPENDED.

| 62. RECORD CLERK'S NAME | | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|
| HARRIS, S. | | | | |
| ARREST RECORD SUMMARY | | 4. | 6. | 1114/ 60 |
| 1. | 2. | | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| LUDWIG, K.R. | 1053 | OFC | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | UNIT | DATE |
| | 2D | 8/8/2005 | 2D | 8/8/05 |

**EXHIBIT T**

Court Cases  Page 1 of 1

| | Name: **BYRD, WILLIE LEE**    DOB: **3/10/1949**    PID: **220-243**    BAID: **80084964** |
|---|---|
| ⊟ PSO/CSO<br>   Find Client | **FIND CLIENT**  A K A FoR DoNALD JoNes |

| | |
|---|---|
| Change Password | |
| Client Profile | |
| Logoff | **Internal Criminal History** |
| ⊟ Client | |
| Name | |

| | File Date | Case/<br>Docket Number | Judge/Officer | Case<br>Status | Sealed | Sealed<br>Date |
|---|---|---|---|---|---|---|
| Addresses | **11/24/1980** | **80329963** | | **Purged** | **No** | |
| Identifiers | | | | | | |
| Characteristics | | CountCharg____e | Disposition | | Disp. Date | Sentence<br>Type |
| Birth/Death | **3/20/1980** | **80084925** | | **Purged** | **No** | |
| Community Ties | | | | | | |
| Citizenship | | CountCharg____e | Disposition | | Disp. Date | Sentence<br>Type |
| Languages | **6/12/2006** | **06163905 /<br>2006-CTF-<br>011835** | **COURTROOM<br>120** | **Open** | **No** | |
| Communications | | | | | | |
| Education | | | | | | |
| Employment | | CountCharg____e | Disposition | | Disp. Date | Sentence<br>Type |
| Case Filing | | | | | | |
| Criminal History | | ⊞ 1 | Operating After<br>Suspension | | | |
| ⊟ Supervision<br>   Release Orders | | ⊞ 2 | No Permit | | | |
| Warrants | | ⊞ 3 | Unregistered<br>Vehicle | | | |

Appearance Date: 10/20/2006 9:00am  Appearance Type: Status  Judge: Courtroom 120  Court Room:

| File Date | Case/Docket Number | Judge/Officer | Case Status | Sealed | Sealed Date |
|---|---|---|---|---|---|
| **8/9/2005** | **05221942 /<br>2005-CTF-<br>004387** | **DIAZ,<br>PAMELA Y.** | **Closed<br>Complete** | **No** | |

| | Count | Charg____e | Disposition | | Disp. Date | Sentence<br>Type |
|---|---|---|---|---|---|---|
| ⊞ | 1 | Operating After<br>Suspension | Confinement Confinement: 45<br>Days / Suspend: 45 Days /<br>Probation: 1 Year<br>Unsupervised Probation /<br>Fine: $0.00 / WCCA: $200.00 | | 3/2/2006 | |

| File Date | Case/Docket Number | Judge/Officer | Case Status | Sealed | Sealed Date |
|---|---|---|---|---|---|
| **6/8/2004** | **04160947 /<br>2004-CTF-<br>003091** | **DOYLE, J<br>DENNIS** | **Closed<br>Complete** | **No** | |

| | Count | Charg____e | Disposition | Disp. Date | Sentence<br>Type |
|---|---|---|---|---|---|
| ⊞ | 1 | Operation After<br>Suspension | No Paper | 6/8/2004 | |
| ⊞ | 2 | Display Expired<br>Tags | Security Post and Forfeited | 6/18/2004 | |

| File Date | Case/Docket Number | Judge/Officer | Case Status | Sealed | Sealed Date |
|---|---|---|---|---|---|
| **1/23/1993** | **93023994 /<br>1993-FEL-<br>000712** | **MIZE,<br>GREGORY E** | **Closed<br>Complete** | **No** | |

| | Count | Charg____e | Disposition | Disp. Date | Sentence<br>Type |
|---|---|---|---|---|---|
| ⊞ | 1 | UCSA Distribution<br>Cocaine | Held for Superior Court Grand<br>Jury | 2/9/1993 | |
| ⊞ | 2 | UCSA Possession<br>With Intent to<br>Distribute<br>Cocaine | Held for Superior Court Grand<br>Jury | 2/9/1993 | |
| ⊞ | 3 | UCSA Distribution | Dismissed | 7/11/1994 | |

**EXHIBIT**
T

**EXHIBIT U**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Jones, Donald, Reg. No. 14989-056, DCDC No. 159-775, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 19 years; 6 months 3273 days (P.V. Term) for the crime of Carrying a Pistol Without a License and Uttering, Failure to Appear, Receiving Stolen Property; and was on 7/12/2002 released on parole from D.C. CCM with 2905 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 29, 2006

U.S. Parole Commissioner

**EXHIBIT**
**U**

**Jones, Donald**
**Reg. No. 14989-056     DCDC No. 159-775**

**WARRANT For Return Of Prisoner Released To Supervision**

| | |
|---|---|
| Name:  **Jones, Donald** | Institution:  **D.C. CCM** |
| Reg. No. **14989-056** | DCDC No.  **159-775** |

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ *Col* _____ ss:

Received this writ the *29TH* day of *Aug*, 20*06*, and executed same by arresting the within-named *DONALD JONES* this *25TH* day of *OCTOBER*, 20*06* at _____ and committing him to *DC JAIL*

*George WALSH*
_____
U.S. Marshal

*William MARTIN*
_____
Deputy Marshal

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____ *August 29, 2006*
*October 25, 2006*

_____
Prisoner's Signature            Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

_____

**Jones, Donald**
;. No. **14989-056**    DCDC No. **159-775**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ...............................Jones, Donald
Reg. No ..........................14989-056
DCDC No. .....................159-775
FBI No ..........................756335F
Birth Date....................
Race...............................Black

Date.............................................August 29, 2006
Termination of Supervision......6/25/2010
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ..........................1/31/2005
Released ...............................7/12/2002

Sentence Length............19 years; 6 months 3273 days (P.V. Term)
Original Offense ...........Carrying a Pistol Without a License and Uttering; Failure to Appear, Receiving Stolen Property

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** Between 1/31/05 and 3/8/06, the releasee submitted 19 urine specimens which tested positive for Cocaine. This charge is based on the information contained in the violation report dated 2/17/06 from supervising officer Jerrilyn Ball-Jones and corresponding drug report.
**I ADMIT [  ] or DENY [  ] this charge.**

**Charge No. 2 - Failure to Submit to Drug Testing.** Between 1/19/05 and 3/15/06, the releasee failed to submit urine specimens on 16 occasions. This charge is based on the information contained in the violation report dated 2/17/06 from supervising officer Jerrilyn Ball-Jones.
**I ADMIT [  ] or DENY [  ] this charge.**

**Jones, Donald**
**Reg. No. 14989-056    DCDC No. 159-775**

**Charge No. 3 - Law Violation – Operating after Suspension.** On 8-8-05, the releasee was driving a car after his drivers license had been suspended.. He was arrested by Washington, DC police for the above-cited offense on the same date. This information is contained in the police report dated 8-8-05. *On 3-2-06, the subject was convicted by the Superior Court of Washington, DC for the above-cited offense and sentenced to 45 days, suspended and one year unsupervised probation.* This information is contained in PRISM printout. This charge is based on the information contained in the violation report dated 8-10-05 from Community Supervision Officer Jerrilyn Ball-Jones.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 4 - Failure to Report to Community Supervision Officer as Directed.** On the following date, 3-015-06, the subject failed to report to his Community Supervision Officer as directed and has failed to make himself available for supervision. This charge is based on the information contained in the violation report dated 6-13-06 from Community Supervision Officer Jerrilyn Ball-Jones.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is NOT Required**

Warrant Recommended By:

Warrant Issued.................. **August 29, 2006**

**Jequan S. Jackson, Case Analyst Trainee**
**U.S. Parole Commission**
Community Supervision Office Requesting Warrant: **General Supervision Unit IX-Team 53, 1418 Good Hope Road**

---

**Jones, Donald**
**Reg. No. 14989-056    DCDC No. 159-775**

**EXHIBIT V**

05/01/2007 09:09 FAX  2523585511          RCI_UNIT_B                                    Ø009/009

# Response To Expedited Revocation Proposal

| | | |
|---|---|---|
| **Name:  JONES, DONALD** | **Reg No: 14989-056** | **DCDC No: 159-775** |

## PROPOSED DECISION

Revoke Parole; None of the time spent on Parole shall be credited. Parole effective 11/22/2007 after the service of 13 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.

---

[✓]  I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

[ ]  I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

[ ]  I wish to request a 14-day extension to consider this proposal.

_Donald Jones_                            3 - 8 - 07
Signature                                 Date

_Bt Ferch_                                3 - 8 - 07
Witness                                   Date

Expedited Revocation Proposal JONES DONALD 14989-056

**EXHIBIT**
V

**EXHIBIT W**

U.S. Department of Justice                           **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| Name: Jones, Donald | Institution: Rivers CI |
|---|---|
| Register Number: 14989-056 | |
| DCDC No: 159-775 | Date: May 1, 2007 |

---

### DC EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited
Revocation Proposal you signed on March 8, 2007:

Revoke Parole. None of the time spent on Parole shall be credited. Parole effective 11/22/2007 after the
service of 13 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that
you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the
treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and
examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from
the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Law Violation - Operating after Suspension.

Charge No. 4 - Failure to Report to Community Supervision Officer as Directed

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your
agreement to accept revocation.

### REASONS:

Your violation behavior has been rated Category One severity because it involved the following
Administrative and Criminal offenses: Operating After Suspension and administrative violations. Your
salient factor score is 2 (see attached sheet). You have been in DC confinement as a result of your
behavior for a total of 4 month(s) as of 02/23/2007. Guidelines established by Commission, indicate a
range of 12 - 16 months to be served.

After review of all relevant factors and information presented, a decision outside the guidelines, at this
consideration, is not warranted.

---

EXHIBIT
W

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001



       Designation & Sentence Computation Ctr
       U.S. Armed Forces Reserve Complex
       Grand Prairie Office Complex
       346 Marine Forces Drive
       Grand Prairie, TX 75051

       General Supervision Unit IX-Team 53
       CSOSA
       1418 Good Hope Road, S.E.
       Washington, D.C. 20020

       Federal Public Defenders Office
       Eastern District of Pennsylvania
       Federal Court Division
       The Curtis Center, Suite 540-West
       Independence Square West
       Philadelphia, PA 19106

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points for SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Jones 14989-056                                                    -3-                              Clerk:   SRM

Queued: 05-01-2007 14:59:48 BOP-Rivers CI | BOP-Designation & Sentence Computation Ctr | USPO-General Supervision Unit IX-Team 53, 1418 Good Hope Road | FPD-Eastern District of Pennsylvania, Philadelphia |